## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TENNESSEE

## EASTERN DIVISION

| | |
|---|---|
| JULIE A. SU, <br> Acting Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> TOSH PORK, LLC and <br> DIANNA ROSA, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **COMPLAINT** <br> ) (Injunctive Relief Sought) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff Julie A. Su, the Acting Secretary of Labor, United States Department of Labor ("the Acting Secretary"), brings this cause of action to enjoin and restrain Tosh Pork, LLC ("Tosh Pork") and Dianna Rosa ("Defendant Rosa") (collectively "Defendants") from retaliating against employees in violation of Section 15(a)(3) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act" or "the FLSA").

As further described below, two of Defendants' employees engaged in various types of protected activity. On February 28, 2022, one of these employees ("Complainant") filed a complaint with the Wage and Hour Division of the U.S. Department of Labor ("the Wage and Hour Division"). This initial complaint pertained to Tosh Pork's pay practices and other conditions of employment. As a result of the complaint, the Wage and Hour Division investigated Defendants under the FLSA and the requirements applicable to the employment of H-2A visa workers under the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184 (c), and 1188 ("INA"), including the regulations found at 20 C.F.R. Part 655, Subpart B ("the First

1

Investigation"). Complainant provided information to the Wage and Hour Division during this investigation, and Complainant and Spouse complained to Defendants directly about the way they were paid in the weeks after the complaint was filed. Defendants retaliated against Complainant and Spouse by: (1) threatening to terminate their employment; (2) ordering both employees to sign a document stating they will stop communicating about overtime pay with other employees; (3) threatening both employees by placing, or causing the placement of, a severed pig's head in the workspace of Spouse; (4) accusing these employees of creating tension among, or riling up, certain other employees of Defendants related to the overtime issue; and (5) berating and belittling Spouse due to his protected activity and association with Complainant.

The Secretary is authorized to seek injunctive relief to restrain violations of the FLSA. *See* 29 U.S.C. § 217. Because Defendants have retaliated against Complainant and Spouse, and have threatened further retaliation if Complainant and Spouse continue to engage in protected activity, the Acting Secretary seeks an order from this Court enjoining Defendants and those acting on their behalf from violating Section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), through any further acts of intimidation, harassment, or other adverse action.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the U.S. District Court for the Western District of Tennessee at Jackson because a substantial part of the events giving rise to the claim occurred in this judicial district, specifically in and around Henry County, Tennessee.

## FACTUAL ALLEGATIONS

### Parties

3. Plaintiff is authorized to bring actions to restrain violations of the anti-retaliation provision of the FLSA. *See* 29 U.S.C. §§ 211(a), 216(b), and 217.

4. Defendant Tosh Pork is a limited liability company organized under the laws of Tennessee with a principal office and place of business located at 55 Tosh Lane, Henry, Tennessee 38231. Tosh Pork operates a farm in Henry County, Tennessee.

5. Defendant Rosa is the Human Resources Manager for Tosh Pork.

6. Through the H-2A visa program,[1] *see generally* 20 C.F.R. Part 655 and 29 C.F.R. Part 501, and the TN visa program,[2] *see generally* 8 C.F.R. § 214.6, Tosh Pork employs individuals from foreign countries on its pig farm in Henry County Tennessee.

### The Department of Labor Investigation & The Protected Activity

7. In May 2022, the U.S. Department of Labor, through its Wage and Hour Division, began the First Investigation of Defendants. The investigation began after the Wage and Hour Division received a complaint from Complainant who, along with Spouse, are both Mexican nationals working for Defendants with TN visas.

8. During the course of its investigation, the Wage and Hour Division interviewed employees, including Complainant, reviewed certain records from Defendants, and reviewed records that were provided by other employees.

---

[1] The H-2A visa program allows U.S. based employers, who meet certain requirements, to hire workers from other countries to perform agricultural work of a temporary or seasonal nature. 20 C.F.R. Part 655 and 29 C.F.R. Part 501.

[2] The "TN visa" is a work visa intended for individuals with professional certifications from Canada and Mexico. 8 C.F.R. § 214.6. This visa allows citizens of Mexico or Canada to work in the United States for a period of three years, subject to extension and renewal. *Id.*

9. At the conclusion of the First Investigation, the Wage and Hour Division concluded, among other things, that Defendants failed to comply with Section 18 of the INA and applicable H-2A regulations at 20 C.F.R. Part 655 and 29 C.F.R. Part 501 with respect to Tosh Pork's employment of H-2A and TN visa employees. The Wage and Hour Division determined the TN visa employees, such as Complainant and Spouse, were protected by the aforementioned H-2A regulations because the TN visa employees worked in corresponding employment. The Wage and Hour Division found that Tosh Pork owed $39,375 in unpaid wages for its failure to provide housing and related services to five TN visa employees, including to Complainant and Spouse. For that violation, the Wage and Hour Division assessed a civil money penalty of $7,388.50. The Wage and Hour Division also assessed additional civil money penalties, totaling $29,342, for other violations of regulations found at 20 C.F.R. Part 655.

10. On August 29, 2023, the Wage and Hour Division informed Defendants of the violations and requested that they come into compliance and pay back wages and civil money penalties. On September 11, 2023, the Wage and Hour Division provided Defendants with a Summary of Unpaid Wages, which included the names of employees owed back wages, including Complainant and Spouse. Defendant Rosa signed this form and dated it September 14, 2023.

11. Before concluding its First Investigation of Tosh Pork, the Wage and Hour Division provided two separate fact sheets to Defendants. Both fact sheets explained the prohibitions on retaliation against employees who have filed complaints or provided information to the government. One of the fact sheets referenced the possibility of the U.S. Department of Labor seeking an injunction in a U.S. District Court to restrain violations of the law, including an employer's retaliation against employees who file complaints and/or cooperate with the government. Defendants, therefore, were on notice that retaliation was prohibited.

12. On January 31, 2024, the Wage and Hour Division sent Defendants a determination letter summarizing the results of the First Investigation, including the violations found, associated civil money penalties, and the back wages due.

### **Defendants' Unlawful Retaliation**

13. Spouse noticed that his manager's behavior towards him changed beginning in December 2023, at which point the manager began yelling at Spouse, glaring at him while he worked, and unnecessarily criticizing his work, which Spouse did not perform differently in weeks prior. Upon information and belief, this behavior continues to present.

14. On or about January 23, 2024, Complainant and Spouse were separately called into the office to speak with Defendants. Defendants told Complainant and Spouse that they knew that Complaint and Spouse were involved in written communications with other employees questioning Tosh Pork's failure to pay overtime. During these meetings, Defendants threatened Complainant and Spouse with termination if they did not stop discussing the overtime issue with other employees. Defendants ordered Complainant and Spouse to each sign a document stating that they will stop communicating about overtime pay with other employees. Although Complainant refused to sign the document, Spouse ultimately signed. At the meetings on January 23, 2024, both Complainant and Spouse also complained directly to Defendants about their pay, specifically asking why they were not paid overtime.

15. Additionally, during the meetings on January 23, 2024, Defendants told Complainant that they knew she was the reason for the first "lawsuit." Defendants also suggested that Complainant might start another "lawsuit," due to the aforementioned written communications about overtime pay. Defendants accused Complainant of riling up other employees related to the overtime issue. Defendants accused Spouse of creating tension related to the overtime pay issue

among TN visa workers. Defendants blamed slipping production on Complainant's and Spouse's communications about the lack overtime pay and complaints related thereto.

16. Upon leaving the January 23, 2024 meeting, where Spouse was threatened with termination and ordered to sign the document, Spouse returned to his workspace and found a pig's head in the area where he worked. The pig's head had been severed from the body of the deceased animal. Spouse does not perform tasks related to slaughtering or processing pigs. After finding the severed pig's head, Spouse contacted his manager, who simply directed Spouse to remove the pig's head from his workspace. Spouse took the pig parts to a compost pile.

17. Both Complainant and Spouse were threatened and intimidated by Defendants' aforementioned actions, especially Defendants' actions on January 23, 2024.

18. The Wage and Hour Division has also been made aware that other employees are considering providing information related to these acts of retaliation. At least one of these employees is fearful that Defendants will retaliate against him or her, similar to the retaliation Complainant and Spouse have experienced, if this employee speaks with the Wage and Hour Division or provides information related to Defendants.

## FIRST CAUSE OF ACTION

**(Violation of the Anti-Retaliation Provision of the FLSA)**

19. Section 15(a)(3), 29 U.S.C. § 215(a)(3), prohibits retaliation against employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding …" 29 U.S.C. § 215(a)(3). Section 17 of the FLSA, 29 U.S.C. § 217, grants courts

jurisdiction, for cause shown, to restrain violations of Section 15(a)(3).

20. Defendants have violated (and continue to violate) Section 15(a)(3) by retaliating against and intimidating Complainant and Spouse because one or both of them engaged in the following protected activities: filing a complaint with the Wage and Hour Division, which resulted in the First Investigation (Complainant); directly questioning Defendants about Tosh Pork's failure to pay overtime (Complainant and Spouse); complaining to Defendants, where such complaints consisted of written communications in an electronic group chat questioning Tosh Pork's failure to pay overtime, of which Defendants became aware (Complainant and Spouse); and providing information to the Wage and Hour Division during the First Investigation (Complainant). Defendants have violated Section 15(a)(3) of the FLSA by retaliating against Complainant and Spouse due to their protected activity.

21. Defendants' retaliatory conduct includes: (1) threatening to terminate the employment of Complainant and Spouse, (2) ordering both employees to sign a document stating that they will stop communicating with other employees about overtime pay, (3) threatening both employees, by placing, or causing the placement of, a severed pig's head in the workspace of Spouse, (4) accusing both employees of creating tension among, or riling up, Defendants' TN visa employees, and (5) berating and belittling Spouse due to his protected activity and association with Complainant, an individual Defendants believe filed a complaint with the government.

22. As a result of Defendants' threatening actions, any reasonable employee would be dissuaded from engaging in activities protected under the FLSA, such as complaining about unpaid wages or cooperating with an investigation by the Wage and Hour Division.

**PRAYER FOR RELIEF**

WHEREFORE, cause having been shown, the Acting Secretary respectfully

requests that the Court enter judgment against Defendants and provide the following relief:

    a.    Issue an order permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

    b.    Issue an order requiring Defendants to provide written notice, in Spanish and English, within the next 7 days and again upon the return of H-2A employees in March 2024, advising them that they have right to speak to the Wage and Hour Division, and provide information to the government, without fear of retaliation; and

    c.    Issue an order awarding the Acting Secretary with any other relief the Court deems necessary and appropriate, including costs of this action.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

POST OFFICE ADDRESS:

Office of the Solicitor
U. S. Department of Labor
618 Church Street, Suite 230
Nashville, Tennessee 37219
Telephone: (615) 781-5330
*nash.fedcourt@dol.gov*
*shepherd.matt@dol.gov*
*abdoveis.elaine.m@dol.gov*

TREMELLE I. HOWARD
Regional Solicitor

SCHEAN G. BELTON
Associate Regional Solicitor

MATT S. SHEPHERD
Counsel for Wage and Hour

 /s/ Elaine M. Abdoveis
ELAINE M. ABDOVEIS
Trial Attorney
*Pro Hac Vice Application Filed*

U. S. Department of Labor
Attorneys for Plaintiff