# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TENNESSEE

### EASTERN DIVISION

| | |
|---|---|
| JULIE A. SU, <br> Acting Secretary of Labor, <br> United States Department of Labor, <br><br>     Plaintiff, <br><br> v. <br><br> TOSH PORK, LLC and <br> DIANNA ROSA, <br><br>     Defendants. | Case No. 1:24-cv-01038 <br><br> **FIRST AMENDED COMPLAINT** <br> (Injunctive Relief Sought) |

Plaintiff Julie A. Su, the Acting Secretary of Labor, United States Department of Labor ("the Acting Secretary"), brings this cause of action to enjoin and restrain Tosh Pork, LLC ("Tosh Pork") and Dianna Rosa ("Defendant Rosa") (collectively "Defendants") from retaliating against employees in violation of Section 15(a)(3) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act" or "the FLSA").

As further described below, two of Defendants' employees engaged in various types of protected activity. On February 28, 2022, one of these employees ("Complainant") filed a complaint with the Wage and Hour Division of the U.S. Department of Labor ("the Wage and Hour Division"). This initial complaint pertained to Tosh Pork's pay practices and other conditions of employment. As a result of the complaint, the Wage and Hour Division investigated Defendants under the FLSA and investigated Tosh Pork under the requirements applicable to the employment of H-2A visa workers under the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184 (c), and 1188 ("INA"), including the regulations found at 20 C.F.R.

1

Part 655, Subpart B ("the First Investigation"). Complainant provided information to the Wage and Hour Division during this investigation, and Complainant complained to Tosh Pork directly about the way she was paid in the months after the complaint was filed. Defendants retaliated against Complainant and Spouse as alleged below.

The Acting Secretary seeks an order from this Court enjoining Defendants and those acting on their behalf from violating Section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), through any further acts of intimidation, harassment, or other adverse action.

## JURISDICTION AND VENUE

1.    This court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2.    Venue is proper in the U.S. District Court for the Western District of Tennessee at Jackson because a substantial part of the events giving rise to the claim occurred in this judicial district, specifically in and around Henry County, Tennessee.

## FACTUAL ALLEGATIONS

### Parties

3.    Plaintiff is authorized to bring actions to restrain violations of the anti-retaliation provision of the FLSA. *See* 29 U.S.C. §§ 211(a), 216(b), and 217.

4.    Defendant Tosh Pork is a limited liability company organized under the laws of Tennessee with a principal office and place of business located at 55 Tosh Lane, Henry, Tennessee 38231. Tosh Pork operates a farm in Henry County, Tennessee.

5.    Defendant Rosa is the Human Resources Manager for Tosh Pork.

6.    Through the H-2A visa program,[1] *see generally* 20 C.F.R. Part 655 and 29
C.F.R. Part 501, and the TN visa program,[2] *see generally* 8 C.F.R. § 214.6, Tosh Pork employs
individuals from foreign countries on its pig farm in Henry County, Tennessee.

### The Department of Labor Investigation
### & Protected Activity

7.    In May 2022, the U.S. Department of Labor, through its Wage and Hour
Division, began the First Investigation of Defendants. The investigation began after the Wage and
Hour Division received a complaint from Complainant who, along with Spouse, are both Mexican
nationals working for Defendants with TN visas. The complaint involved "various allegations of
shortness of pay, shortness of hours worked, and retaliation." Hearing Transcript (March 19, 2024)
at 13. The complaint was partially based on "work[ing] too many hours without overtime." *Id*. at
55. Additionally, Complainant communicated with Tosh Pork management, including
communicating with Defendant Rosa, about pay and/or working conditions multiple times in 2021
and 2022. *Id* at 55 -62.

8.    During the course of its investigation, the Wage and Hour Division interviewed
employees, including Complainant, reviewed certain records from Defendants, and reviewed
records that were provided by other employees.

9.    At the conclusion of the First Investigation, the Wage and Hour Division
concluded, among other things, that Tosh Pork failed to comply with Section 18 of the INA and
applicable H-2A regulations at 20 C.F.R. Part 655 and 29 C.F.R. Part 501 with respect to Tosh

---

[1] The H-2A visa program allows U.S. based employers, who meet certain requirements, to
hire workers from other countries to perform agricultural work of a temporary or seasonal nature.
20 C.F.R. Part 655 and 29 C.F.R. Part 501.

[2] The "TN visa" is a work visa intended for individuals with professional certifications
from Canada and Mexico. 8 C.F.R. § 214.6. This visa allows citizens of Mexico or Canada to work
in the United States for a period of three years, subject to extension and renewal. *Id*.

Pork's employment of H-2A and TN visa employees. The Wage and Hour Division determined the TN visa employees, such as Complainant and Spouse, were protected by the aforementioned H-2A regulations because the TN visa employees worked in corresponding employment. The Wage and Hour Division found that Tosh Pork owed $39,375 in unpaid wages for its failure to provide housing and related services to five TN visa employees, including to Complainant and Spouse. For that violation, the Wage and Hour Division assessed a civil money penalty of $7,388.50. The Wage and Hour Division also assessed additional civil money penalties, totaling $29,342, for other violations of regulations found at 20 C.F.R. Part 655.

10.    On August 29, 2023, the Wage and Hour Division informed Defendants of the violations and requested that Tosh Pork come into compliance and pay back wages and civil money penalties. Tosh Pork is the correct corporate entity that employed Complainant and Spouse during the First Investigation and, according to a Tennessee Secretary of State document, Tosh Farms, LLC is in inactive terminated status. Hearing Transcript (April 3, 2024) at 86-87. A Wage and Hour Investigator discussed retaliation with Defendants on August 29, 2023 and "felt there were elements of retaliation there." Hearing Transcript (March 19, 2024) at 20. On September 11, 2023, the Wage and Hour Division provided Defendants with a Summary of Unpaid Wages, which included the names of employees owed back wages, including Complainant and Spouse. Defendant Rosa signed this form and dated it September 14, 2023. Complainant continued to question Defendants about her pay and/or work hours. An October 19, 2023 email from Complainant to Defendant Rosa questioned the lack of overtime pay, the number of work hours required, and why the attached paystub indicated eighty hours worked when ninety hours had been worked in that pay period. *Id.* at 71-72. Complainant questioned the number of hours she was working. *Id*. at 73. A December 14, 2023 email from Complainant to Defendant Rosa questioned

why Complainant was paid for working the equivalent of six days when she actually worked nine days. *Id*. at 74-75.

11.    Before concluding its First Investigation of Tosh Pork, the Wage and Hour Division provided two separate fact sheets to Defendants. Both fact sheets explained the prohibitions on retaliation against employees who have filed complaints or provided information to the government. One of the fact sheets referenced the possibility of the U.S. Department of Labor seeking an injunction in a U.S. District Court to restrain violations of the law, including an employer's retaliation against employees who file complaints and/or cooperate with the government. Defendants, therefore, were on notice that retaliation was prohibited.

12.    On January 31, 2024, the Wage and Hour Division sent Defendants a determination letter summarizing the results of the First Investigation, including the violations found, associated civil money penalties, and the back wages due.

### Defendants' Unlawful Retaliation

13.    Sometime after September 2023, Spouse started to notice that his manager's behavior towards him changed, including pressuring him while at work. Hearing Transcript (April 3, 2024) at 33-34. Spouse nevertheless thought everything was okay until December 2023 when the pressure intensified; Spouse's manager was "bringing into question [Spouse's] professional work;" and Spouse felt pressured and intimidated. *Id*. at 34. Spouse spoke with his manager in early January 2024 about his wages. *Id*. at 36.

14.    On or about January 23, 2024, Complainant and Spouse were separately called into the office to speak with Defendants. Spouse was accused of "pressuring [his] co-workers" and was "ask[ed] for his resignation during this meeting. *Id*. at 37-38. Spouse said "they knew I was preparing to sue" and "[t]hey also told me I had formed a group, a WhatsApp

conversation, which was also false." *Id*. at 39. "They told me that they know that I made a complaint against the company and that I was going to sue. They told me that they knew everything. And for that reason, they wanted me to resign, which I refused to do." *Id*. at 41-42. Spouse was told during the meeting that "[h]e and [his] wife were pressuring our co-workers for them to sue, and that all of that was bringing low productivity to the farm production." *Id*. at 63-64. Spouse was accused of making the complaint to the Department of Labor, *Id*. at 43, was told not talk to his co-workers about anything, and his employment was threatened, *Id*. at 40, 44.

15.    Additionally, during Complainant's January 23, 2024 meeting with Defendants, she was told that "they already knew that [she] had placed a complaint about them to the government and that [she] had owned a chat group in messenger, on the cell phone on the app called WhatsApp, to organize [her]self and to, once again file a lawsuit against the company," and "they were demanding that [she] leave the company." Hearing Transcript (March 19, 2024) at 76. Complainant was further told at this meeting "there were some witnesses that assured that [she] had already formed a chat group for them to file a complaint." *Id* at 76. Claimant had brought up overtime in the chat group. *Id*. at 83. The documented disciplinary action notices dated January 23, 2024 reference Complainant's and Spouse's communications with other employees about forming a plan to not show up for work to demand better pay/time off, and these disciplinary notices threaten further disciplinary action up to and including termination for recurring conduct. *See* Exhibits 5 and 6 to Preliminary Injunction Transcript.

16.    After the January 23, 2024 meeting, Spouse had lunch and then was directed by his manager to use a tractor to remove dead pigs and take them to another area to be covered in compost. Hearing Transcript (April 3, 2024) at 45-47. Spouse found a decapitated pig's head in the tractor bucket. *Id*. at 47-48. Spouse was astounded by the pig head and concluded it was an act

of intimidation related to Tosh Pork's desire to terminate his employment. *Id*. at 49. After finding

the severed pig's head, Spouse took a video, "sent a picture of the video" to his manager and

Defendant Rosa, and spoke with another manager the next day about finding the pig head and how

the situation was "a hostile work environment." *Id*. at 49-51. However, as of the April 3, 2024

preliminary injunction hearing, Spouse had not been given an explanation for the presence of the

pig head. *Id*. at 49-51. In response to finding the pig head, Spouse felt insecure, afraid, unsafe, and

like someone was going to hurt him. *Id*. at 51. Complainant felt sad, disappointed, upset, and

fearful after Spouse found the pig head. Hearing Transcript (March 19, 2024) at 81.

17.    Both Complainant and Spouse felt threatened and intimidated by the events

of January 23, 2024. Neither had seen a decapitated pig head at work while working for Tosh Pork.

During a March 2024 meeting, Spouse's manager referred to him with "intimidating gestures."

Hearing Transcript (April 3, 2024) at 35.

18.    The Wage and Hour Division has also been made aware that other employees

are considering providing information related to these acts of retaliation. At least one of these

employees is fearful that Defendants will retaliate against him or her, similar to the retaliation

Complainant and Spouse have experienced, if this employee speaks with the Wage and Hour

Division or provides information related to Defendants.

**FIRST CAUSE OF ACTION**

**(Violation of the Anti-Retaliation Provision of the FLSA)**

19.    Section 15(a)(3), 29 U.S.C. § 215(a)(3), prohibits retaliation against

employees because they assert their rights under the FLSA. The provision prohibits, among other

things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any

employee because such employee has filed any complaint or instituted or caused to be instituted any

proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding …" 29 U.S.C. § 215(a)(3). Section 17 of the FLSA, 29 U.S.C. § 217, grants courts jurisdiction, for cause shown, to restrain violations of Section 15(a)(3).

20.    Defendants have violated Section 15(a)(3) by retaliating against and intimidating Complainant and Spouse because one or both of them engaged in the following protected activities: filing a complaint with the Wage and Hour Division, which resulted in the First Investigation (Complainant); directly questioning Defendants about Tosh Pork's pay practices (Complainant); complaining to Defendants, where such complaints consisted of written communications in an electronic group chat questioning Tosh Pork's failure to pay overtime, of which Defendants became aware (Complainant); and providing information to the Wage and Hour Division during the First Investigation (Complainant). Defendants have violated Section 15(a)(3) of the FLSA by retaliating against Complainant and Spouse due to their protected activity.

21.    Defendants' retaliatory conduct includes: (1) threatening to terminate the employment of Complainant and Spouse, (2) taking disciplinary action against both Complainant and Spouse, and (3) unduly pressuring Spouse at times while working. In addition, agent(s) of Tosh Pork placed, or caused to be placed, a severed pig's head in the tractor bucket that Spouse was directed to use, or, in the alternative, failed to take action (or provide any explanation) after being informed that Spouse found the severed pig head in the tractor he was directed to operate.

22.    As a result of the foregoing, any reasonable employee would be dissuaded from engaging in activities protected under the FLSA, such as complaining about unpaid wages or cooperating with an investigation by the Wage and Hour Division.

## **PRAYER FOR RELIEF**

WHEREFORE, cause having been shown, the Acting Secretary respectfully requests that the Court enter judgment against Defendants and provide the following relief:

a.      Issue an order permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

b.      Issue an order requiring Defendants to provide written notice, in Spanish and English, within the next 7 days and again upon the next seasonal return of H-2A employees to work for Tosh Pork, advising them that they have right to speak to the Wage and Hour Division, and provide information to the government, without fear of retaliation; and

c.      Issue an order awarding the Acting Secretary with any other relief the Court deems necessary and appropriate, including costs of this action.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

POST OFFICE ADDRESS:

Office of the Solicitor
U. S. Department of Labor
618 Church Street, Suite 230
Nashville, Tennessee 37219
Telephone: (615) 781-5330
nash.fedcourt@dol.gov
shepherd.matt@dol.gov
abdoveis.elaine.m@dol.gov

TREMELLE I. HOWARD
Regional Solicitor

SCHEAN G. BELTON
Associate Regional Solicitor

MATT S. SHEPHERD
Counsel for Wage and Hour

 /s/ Elaine M. Abdoveis
ELAINE M. ABDOVEIS
Trial Attorney
*Admitted Pro Hac Vice*

U. S. Department of Labor
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on October 23, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Elaine M. Abdoveis
ELAINE M. ABDOVEIS
U. S. Department of Labor
Office of the Solicitor
618 Church Street, Suite 230
Nashville, Tennessee 37219