UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, <br>         Plaintiff, <br><br> v. <br><br> TOSH PORK, LLC and DIANNA ROSA, <br>         Defendants. | ) ) ) ) ) ) ) ) ) ) )    CASE NO. 1:24-cv-01038-STA-jay |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Tosh Pork, LLC ("Tosh Pork"), and Dianna Rosa ("Rosa") (collectively "Defendants") submit the following response to Julie A. Su, Acting Secretary of Labor, United States Department of Labor's ("DOL") Motion to Compel.

### Preamble

1.  As further described below, without waiving any objection, Defendants have produced the requested records relating to the terminations of the Complainants, despite believing the same is not required to be produced. In doing so, Defendants asked the DOL to withdraw its Motion to Compel; however, as of the filing of this Response, the DOL has not agreed to the same.

### Background

2.  The DOL previously filed a motion to compel relating to certain questions asked by the DOL during the depositions of Defendant Dianna Rosa and an employee of Defendant Tosh Pork. [Dkt. 110.] In its Order, the Court granted, in part, and denied, in part, the DOL's Motion to Compel stating, importantly:

> Discovery will not be reopened for any other deponent or topic. There will be no extensions granted beyond the 21 days, absent extraordinary circumstances.

\*   \*   \*

> . . . allowing extended discovery on this question after the close of discovery and while summary judgment is pending would be unproductive . . . Although Plaintiff met their burden in showing that the evidence sought as relevant, they have failed to provide good cause to extend discovery on this matter.

[Dkt. 128 at 7-8.]

3.      As a result, the Court only allowed the depositions to be reopened on one narrow issue: "**Whether the disciplinary notices issued in January 2024 were considered in the decision to terminate**." [*See id*.]

4.      In addition, the Court allowed the parties to supplement their summary judgment briefings fourteen days after continued depositions on the narrow issue. [Dkt. 129.]

5.      After the depositions, the DOL chose not to supplement its summary judgment briefings and objected to the Court's consideration of portions of the deposition transcripts for purposes of summary judgment supplemented by Defendants. [Dkt. 135.]

**Issue**

6.      For the first time, on May 13, 2025, the DOL raised an issue regarding Defendants' failure to produce the portion of the Complainants' personnel file that related solely to their termination. Importantly, the DOL never raised the issue in the context of Defendants' responses to the DOL's First Set of Requests for Production on September 20, 2024.[1]

7.      On June 25, 2025, after multiple meet and confers on this issue, the DOL inquired whether Defendants would agree to produce the portion of the Complainants' personnel file

---

[1] Throughout this litigation, Defendants have maintained the DOL's retaliation claim only relates to events prior to the filing of its Complaint in February 2024, for which it has no evidence. In addition, Defendants believe the DOL hopes to use the Complaints' terminations, 8 months later in October 2024, to support the retaliation claim, despite no evidence that the terminations were related and the DOL not having pled (or amended its pleadings) the terminations were related.

2

relating to their termination and, without receiving a response (or attempting to call any of Defendants' three counsel) filed its Motion to Compel on July 1, 2025.

8. The undersigned counsel was out of the office and on vacation during this time and did not return until July 6, 2025. Only at that time did the undersigned counsel discover the DOL had filed the instant Motion to Compel.

9. On July 7, 2025, immediately upon the undersigned's return, Defendants produced the requested documentation on July 7, 2025, so as not to delay this matter any further and in order to resolve this discovery dispute for the sake of judicial economy.[2] In that email, the undersigned asked the DOL to withdraw its Motion to Compel.

10. On July 10, 2025, after not receiving a response from the DOL regarding the withdrawal of the instant Motion to Compel, the undersigned counsel followed up and was told the DOL was still deciding whether to withdraw its Motion to Compel and asked:

    A.    Are you representing that the employees' complete personnel files have now been produced?

    B.    Do you intend to file a supplemental response to our requests for the production of documents?

11. Within minutes, the undersigned counsel responded that Defendants would represent they have produced Complainants' entire personnel files and would serve a supplemental written response to the DOL's First Set of Requests for Production.

WHEREFORE, Defendants request the Court deny the DOL's Motion as moot.

---

[2] To be clear, by producing the records, Defendants are not waiving any objection stated in their responses to the DOL's First Set for Requests for Production, including that the records are relevant to any claim or defense. Further, Defendants believe the Court's Order was clear that no further discovery would be permitted [*see generally* Dkt. 128], and, most importantly, believe this is simply a continuation of the DOL's fishing expedition to find evidence to support its claims.

Respectfully submitted,

| | |
|---|---|
| */s/ Clifford R. Whitehead* | */s/ James L. Holt, Jr.* |
| Clifford R. Whitehead (IN #28836-49) | James L. Holt, Jr. (BPR #12123) |
| ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP | J. Russ Bryant (BPR #33830) |
| 20 N.W. First Street, Ninth Floor | JACKSON SHIELDS YEISER HOLT OWEN & BRYANT |
| Evansville, IN 47708 | 262 German Oak Drive |
| Telephone: (812) 424-7575 | Memphis, TN 38018 |
| Facsimile: (812) 421-5089 | Telephone: (901) 754-8001 |
| E-mail: cwhitehead@zsws.com | Facsimile: (901) 754-8524 |
| *Attorney for Rosa* | E-mail: jholt@syc.com; rbryant@jsyc.com |
| | *Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I certify that on July 10, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Clifford R. Whitehead*
Clifford R. Whitehead