UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

EASTERN DIVISION

| | |
|---|---|
| LORI CHAVEZ-DEREMER,<br>Secretary of Labor, United States<br>Department of Labor, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 1:24-cv-01038-STA-jay |
| v. | )<br>)<br>) |
| TOSH PORK, LLC and<br>DIANNA ROSA, | )<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION**
**FOR COSTS AND EXPENSES**

The Secretary of Labor, U.S. Department of Labor, submits the following in response to the Defendants' motion for costs and expenses.

**Applicable Facts**

On September 30, 2025, the Court entered judgment in favor of the Defendants in this case arising under the anti-retaliation provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. *See* ECF Nos. 141 and 142. Defendants have now filed a motion for costs and expenses ("Motion"). ECF No. 146. In their Motion, Defendants seek reimbursement for costs and expenses totaling $20,453.32. *See* ECF No. 146-2. Defendants, however, did not attach a supporting memorandum of law to their motion. Instead, Defendants' Motion cites generally to Rule 54(d) in support of their request for costs and states that they are additionally "seeking reasonable expenses, pursuant to Fed. Rule 54(d)(2) in an amount of $7,734.32 … as permitted under the Fair Labor Standards Act." ECF No. 146 p. 1. Defendants list these expenses on their

bill of costs as "[o]ther costs," ECF No. 146-2, and itemize these expenses at ECF No. 146-3, p.1, but Defendants are not entitled to recover these expenses from the government under the FLSA.

## Argument

I. <u>Rule 54(d)(1) and 28 U.S.C. § 1920 only authorize recovery for limited costs.</u>

Fed. R. Civ. P. 54(d)(1) authorizes a prevailing party to recover costs, other than attorney fees. Recoverable costs are limited to those specified by 28 U.S.C. § 1920. *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (courts have "discretion to decline requests for costs, not discretion to award costs that § 1920 fails to enumerate") (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)). Congress has authorized courts to award the costs enumerated in 28 U.S.C. § 1920 in civil actions brought by or against the United States. 28 U.S.C. § 2412(a)(1). However, "[a] judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation." *Id.*

    A. <u>Defendants are only entitled to costs for transcripts, witnesses, and interpreters</u>.

28 U.S.C. § 1920 allows a prevailing party to recover only costs for fees of the clerk, transcripts obtained for use in the case, fees and disbursements for printing and witnesses, fees for copying, docket fees, and costs incurred retaining experts and interpreters. The statute provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

  (3) Fees and disbursements for printing and witnesses;

  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

  (5) Docket fees under section 1923 of this title;

  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.[1] In this case, Defendants seek reimbursement of costs for transcripts and interpreters totaling $12,818.91. *See* ECF No. 146-3, p. 1. The Plaintiff agrees that almost all these costs are recoverable, except for the costs of the transcripts for the depositions of Seth Krantz and Diana Rosa taken on April 30, 2025, which this Court expressly ordered be paid by Defendants. Those depositions were taken after counsel for Defendants made improper objections during the initial depositions of these witnesses. Plaintiff filed a motion to compel and the Court found that the instructions (not to answer certain questions) were improper and ordered Defendants to "reproduce Ms. Rosa and Dr. Krantz for a continuation of their depositions" and "bear the burden of costs for the court reporter and transcripts …" *See* ECF No. 128, pp. 6-7. Accordingly, the costs related to these depositions, totaling $1,690.97 paid to On the Record, LLC (*see* ECF No. 146-3 pp. 20-22) should not be awarded to Defendants. The Court has already found that Defendants should bear these costs. Therefore, any cost award for transcripts, witnesses, and interpreters should not exceed $11,127.94.

---

[1] "Although costs are generally awarded to a prevailing party as a matter of course, the district court maintains discretion in choosing to tax the costs of litigation against a losing party under Rule 54(d) of the Federal Rules of Civil Procedure." *Virostek v. Liberty Twp. Police Dep't/Trustees*, 14 F. App'x 493, 510 (6th Cir. 2001).

B.        Section 1920 does not provide for costs for mailing and mediation.

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). In addition to costs for transcripts, witnesses, and interpreters, Defendants improperly seek reimbursement of charges from FedEx totaling $35.55 and reimbursement of expenses related to the mediation totaling $6,724.56. See ECF No. 146-3, pp. 1, 28. Section 1920 does not provide, however, that these are recoverable costs. *See AM Props. v. Town of Chapel Hill*, 202 F. Supp. 2d 451, 456 (M.D.N.C. 2002) ("courts have generally not allowed the inclusion of mailing expenses as a taxable cost, absent special circumstances"); *El–Fadl, v. Central Bank of Jordan,* 163 F.R.D. 389, 390 (D.D.C. 1995) (postage costs are generally not recoverable under § 1920); *Coast Foods, Inc. v. Lu–Mar Lobster & Shrimp, Inc.,* 260 F.3d 1054, 1061 (9th Cir. 2001) ("[N]othing in 28 U.S.C. § 1920 provides for the cost of a mediator."); *Keltner v. United States*, No. 13-CV-2840-STA-DKV, 2015 WL 14098010, at *1 (W.D. Tenn. July 14, 2015) ("the costs of mediation are not the proper subject of a bill of costs"). Moreover, it appears that Defendants are seeking costs for the mediation that were not actually paid. The invoice attached to Defendants' motion indicates that the total cost of the mediation was $6,724.56, but that the "Amount Now Due" from Defendants, *i.e.*, half the total cost of the mediation, was only $3,362.28. See ECF No. 146-3, p. 28 ("Your Amount Now Due = $3,362.28 … THE AMOUNT SHOWN AS DUE REPRESENTES *YOUR PORTION* OF THE TOTAL FEES.") (emphasis in original). Defendants are improperly seeking reimbursement for the half of the mediation costs that were already paid by the Plaintiff. Regardless, as explained above, none of the charges for mailing and expenses related to the mediation are recoverable costs.

      C.    <u>Section 1920 does not provide for costs for travel expenses</u>.

Defendants seek reimbursement of costs related to travel totaling $874.30. *See* ECF No. 146-3, p. 1.[2] Attorney travel expenses, however, are not recoverable. *See Calderon v. Witvoet,* 112 F.3d 275, 276 (7th Cir.1997) (holding that outlays for travel and related expenses by attorneys may not be reimbursed as costs, as they are not listed in § 1920)*; Zimmerman v. R & S Trucking*, No. 405CV-00031-DFH-WGH, 2006 WL 3360537, at *2 (S.D. Ind. Nov. 16, 2006) (noting that "the bill of costs seeks more than $39,000 and includes costs that clearly are not recoverable under 28 U.S.C. § 1920, such as … attorney travel expenses.").

II.    <u>The Motion articulates no legal basis for the award of any attorney's fees and expenses under Rule 54(d)(2)</u>.

Fed. R. Civ. P. 54(d)(2)(a) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." The Rule goes on to provide that "the motion must … specify the judgment and the statute, rule or other grounds entitling the movant to the award …" Fed. R. Civ. P. 54(d)(2)(B)(ii). Consistent with the forgoing, the local rules provide that "a motion for an award of attorney's fees [under Rule 54(d)(2)] shall be supported by a memorandum setting forth the authority of the Court to make such an award, why the movant should be considered the prevailing party, if such a consideration is required for the award, and any other factors that the Court should consider in making the award." LR 54.1(b).

---

[2] Two additional points about the travel expenses are worth noting. First, the claim for mileage is inadequately supported. The documentation attached to the bill of costs for this expense consists of a single email noting "Cliff - $316.24, client - #107240.000 … TY." *See* ECF No. 146-3, p. 30. Defendants do not indicate where the attorney went, what the trip was for, or how many miles were traveled or how the cost-per-mile was calculated. Second, the bill for the hotel stay on December 3-5, 2024, include charges for "beer" and "beverage" that were not deducted from the amount sought. *See* ECF No. 146-3, p. 31.

5

In their Motion, Defendants reference FLSA and cite to a Seventh Circuit case involving an award of fees and expenses to a prevailing plaintiff, but they fail to explain why they, prevailing defendants, are entitled to an award of expenses under the FLSA. The fact that Defendants did not attach a memorandum of law in support of their motion, as the local rules require, makes it difficult for the Plaintiff to respond to Defendants' motion. But Plaintiff would note that in *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994), the Sixth Circuit held that the attorney fee provision in the FLSA, 29 U.S.C. § 216(b), "does not provide for plaintiffs to pay attorney fees to defendants; under the plain language of the statute, defendants' argument is meritless." *Id.* at 1135. This make sense, as the FLSA specifically provides that any attorney's fees awarded under the statute are "to be paid by the defendant …" 29 U.S.C. § 216(b). Moreover, this being a case involving the government, Defendants fail to explain how Congress waived sovereign immunity.[3] Absent express statutory authorization, sovereign immunity prohibits courts from ordering the government to pay litigation costs. *United States v. Bodcaw Co.,* 440 U.S. 202, n. 3 (1979).

---

[3] "Sovereign immunity limits federal courts' jurisdiction in cases against the government." *Boruff ex rel. Boruff v. Comm'r of Soc. Sec.*, No. 08-14585, 2009 WL 3872305, at *2 (E.D. Mich. Nov. 18, 2009). "That doctrine dictates that the sovereign cannot be sued except when it consents to being sued." *Id*. (citing *United States v. Sherwood,* 312 U.S. 584, 586 (1941)). "A waiver of sovereign immunity must be unequivocally expressed." *Id*. (citing *United States v. Mitchell,* 445 U.S. 535, 538 (1980)). "A prevailing party must identify a waiver of sovereign immunity in order to proceed against the United States. If he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Id*. (citing *Reetz v. United States,* 224 F.3d 794, 795 (6th Cir. 2000)).

## Conclusion

Defendants' motion should be denied in part. Defendants are only entitled to costs for transcripts, witnesses, and interpreters pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. *See In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007).  Notwithstanding this entitlement, Defendants should not recover for the costs of the reconvened deposition of Seth Krantz and Diana Rosa, since they were previously sanctioned by this Court to pay those costs. Moreover, Defendants cannot recover for litigation expenses, including mediation costs or costs related to attorney travel or lodging. In sum, any award of costs should not exceed $11,127.94.

Respectfully submitted,

JONATHAN BERRY
Solicitor of Labor

POST OFFICE ADDRESS:

Office of the Solicitor
U. S. Department of Labor
618 Church Street, Suite 230
Nashville, Tennessee 37219
Telephone: 615.781.5336
motzny.thomas.j@dol.gov
smith.christopher.m@dol.gov
nash.fedcourt@dol.gov

TREMELLE I. HOWARD
Regional Solicitor

SCHEAN G. BELTON
Associate Regional Solicitor

MATT S. SHEPHERD
Counsel for Wage and Hour

*/s/ Christopher M. Smith*
THOMAS J. MOTZNY
CHRISTOPHER M. SMITH
Attorneys

U. S. Department of Labor
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I certify that on December 8, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

      */s/ Christopher M. Smith*
      THOMAS J. MOTZNY
      CHRISTOPHER M. SMITH
      U. S. Department of Labor
      Office of the Solicitor
      618 Church Street, Suite 230
      Nashville, Tennessee 37219